## ALFORD vs. STEVENS.

Where a justice of the peace obtained jurisdiction of an action, in form replevin, by a summons duly issued and served, the appearance of parties, and the joining of issue therein; and after the cause had been twice tried before juries, neither of which could agree upon a verdict, the cause was, by agreement of parties, submitted, upon the evidence taken, to the justice, who rendered a judgment therein; *Held* that whatever defects there might have been in the affidavit and form of the bond, they should be regarded as waived; and that, on appeal from the judgment, the court would not enter upon an examination of such defects.

If there is sufficient evidence, if believed by a justice of the peace, to sustain a judgment, the judgment rendered will not be reversed, on appeal, because it was given without sufficient evidence to sustain it.

When there is a conflict in the evidence, it is for the justice to determine which is most credible.

When the judgment of a justice of the peace is sustained by positive, direct and corroborating evidence, sufficient to uphold a judgment, it is not the duty of the reviewing court to measure, in nice scales, the weight of conflicting testimony.

THIS action was commenced in a justice's court, in the form of replevin, to recover possession of a buffalo robe, of the value of fourteen dollars. Preliminary papers were made out for that purpose, the affidavit being made by an agent of the plaintiff. This agency does not appear in the affidavit itself, nor any reason why the plaintiff did not himself make it. And the matters stated in the affidavit are of positive knowledge, which could hardly be had by a mere agent. The defendant, however, put in an answer to the complaint and went to trial upon the issues formed. It was twice tried before juries, neither of which could agree upon a verdict; and then by agreement of parties the matter was submitted to the justice upon the evidence taken. The justice rendered a judgment in favor of the plaintiff, for the value of the robe; an appeal was taken to the county court of Madison county, where the judgment was affirmed; and from the judgment of affirmance an appeal was taken to this court.

Alford *v.* Stevens.

*D. W. Cameron*, for the plaintiff.

*N. Foote*, for the defendant.

*By the Court*, P. POTTER, J. The justice obtained jurisdiction, in this action, by a summons duly issued and served, the appearance of parties, and the joining of issue therein. However defective the preliminary proceedings, in the affidavit, and form of the bond, may have been, after two trials by jury, in which both parties appeared by counsel, and after agreeing to submit the case to the justice for his decision, the defects in the preliminary proceedings (if there were any) are to be regarded as waived. And this court will not enter upon an examination of that point.

There is no other question in this case which can be reviewed by the court but this; that the judgment was given without sufficient evidence to sustain it, and that it is against law, and the weight of evidence. Upon a careful reading of the case, I do not think these objections are well taken.

*First.* There is sufficient evidence, if it was believed by the justice, to sustain the judgment; and though there was a conflict in the evidence, it was for the justice to determine which was most credible. He knew the parties, and heard them testify, and it was for him to judge of this question.

*Second.* Assuming that the justice correctly weighed the evidence, then the judgment is not against law. The property, *then*, was the plaintiff's; and then the act of Richardson was tortious, and the defendant could get no good title from him; his possession was wrongful. If the justice was right in his findings of fact, Richardson violated his agreement by delivering the plaintiff's robe to the defendant; and the defendant's title was no better than Richardson's.

*Third.* The judgment is sustained by positive, direct

and corroborating evidence, sufficient to uphold a judgment. It is not the duty of the reviewing court to measure, in nice scales, the weight of evidence, when it is in conflict. · It is not strikingly so, if at all. Indeed it is not for us to say; but as it reads, I think the justice correctly decided the facts. He made no error in ruling, and I think the judgment should be affirmed.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Elmira, April 4, 1871. *Miller,* *P. Potter* and *Parker,* Justices.]